**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

JOSEPH W. ADAMS,

Plaintiff,

v.

Civil Action No. 1:15-cv-86 (Keeley)

BANK OF AMERICA, N.A., and SELECT PORTFOLIO SERVICING, INC., successor in interest to FAIRBANKS CAPITAL CORP.,

Defendants.

[Removal of Civil Action No. 15-C-169-2 from the Circuit Court of Harrison County]

Electronically Filed May 19, 2015

---

**NOTICE OF REMOVAL**

Defendant Select Portfolio Servicing, Inc. ("SPS") hereby respectfully gives notice, pursuant to 28 U.S.C. § 1446, of the removal to this Court of the action commenced against it in the Circuit Court of Harrison County, West Virginia and identified below. SPS denies the allegations contained in the Complaint and files this Notice without waiving any defenses, exceptions or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, SPS would show the following:

**STATEMENT OF COMMENCEMENT OF THE ACTION**

On or about April 21, 2015, Plaintiffs Joseph W. Adams ("Plaintiff") commenced this action by filing a Complaint, Civil Action No. 15-C-169-2, in the Circuit Court of Harrison County, West Virginia. SPS was served with a copy of the Summons and Complaint on April 24, 2015. (*See* Exhibit A, Acceptance of Service.) SPS has not yet filed or served an Answer or otherwise responded to the Complaint.

Plaintiff's Complaint is based upon allegations concerning the servicing of a mortgage loan secured by property located at 151 Chimney Drive, Bunker Hill, West Virginia 25413. (Compl. at ¶ 1.) The Complaint alleges that SPS began to service the loan in 2002. (*Id.* at 12.)

Thereafter, Plaintiff alleges SPS charged Plaintiff illegal fees and returned payments made by Plaintiff. (*Id.* at 14, 16-19, 21, 23-24, 27-28, and 30-35.) Plaintiff further alleges that SPS withdrew funds from Plaintiff's bank account without permission. (*Id.* at 25.) Finally, Plaintiff alleges SPS refused to provide a proper account statement or identify the holder of the Note when requested. (*Id.* at 36.)

Based on these allegations, Plaintiff asserts the following claims against SPS for (1) illegal fees; (2) illegal refusal to credit payments; (3) refusal to provide an account history; (4) failure to identify holder; (5) unconscionable/ unfair means to collect; (6) conversion; and (7) breach of contract. (*Id.* at Counts 1-7.)

The Complaint seeks all allowable damages, including actual damages, specific performance, equitable relief, statutory penalties, attorneys' fees, and punitive damages. Plaintiffs did not file a stipulation limiting their relief.

**TIMELINESS OF REMOVAL**

The removal period commences upon receipt of formal service of process, and "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999); *Lewis v. Mobile Training & Educ., Inc.*, No. 3:09-0135, 2009 U.S. Dist. LEXIS 38365, at *4 (S.D. W. Va. May 9, 2009). *See also Hill v. Equifax Info. Servs. LLC*, No. 1:11CV107, 2011 U.S. Dist. LEXIS 47488, at *7 (M.D.N.C. May 3, 2011) (noting that the Supreme Court "determined that mere receipt of the complaint, unattended by formal service, was insufficient to initiate a

defendant's 30-day period for removal of a state action to federal court."). SPS was served on April 24, 2015. Thus, this Notice of Removal is filed within thirty (30) days of service and is timely. SPS has communicated with Bank of America, N.A., who consents to this removal.

**PLEADINGS AND NOTICE TO STATE COURT**

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings and other relevant documents on file with the Circuit Court of Harrison County, West Virginia, are attached hereto as Exhibit B. A true and correct copy of the state court docket sheet from the circuit court in Plaintiff's State Court Civil Action is attached as Exhibit C. In accordance with 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, SPS has given written notice to the Plaintiff and the Circuit Court of Harrison County, West Virginia, of the removal.

**STATEMENT OF STATUTORY BASIS FOR JURISDICTION-DIVERSITY**

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a)(3). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

**A. Citizenship of the Parties.**

This action involves citizens of different states. As stated in the Complaint, Plaintiff is a citizen of West Virginia (Compl. ¶ 1.) As also stated in the Complaint, Defendant SPS is a citizen of Utah and Defendant Bank of America, N.A. is a citizen of North Carolina. (*Id.* at 2 and 3.) Therefore, according to the face of the Complaint, there is complete diversity between these parties.

**B. The Amount in Controversy Exceeds $75,000.00.**

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002). Importantly, "the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the *alleged* amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 U.S. Dist. LEXIS 15852, at *3 (W.D.N.C. Feb. 9, 2012) (emphasis added). If the removing party establishes by a preponderance of the evidence that an excess of $75,000 is in controversy, the district court must exercise its jurisdiction. *Perilli v. Nationwide Mut. Ins. Co.*, No. 5:10-cv-56, 2011 U.S. Dist. LEXIS 64779, at *9 (N.D. W. Va. June 17, 2011); *see also Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" (citation omitted)).

When determining the amount in controversy, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Miller v. Bank of America*, No. 1:10-cv-213, 2011 U.S. Dist. LEXIS 62991, at *4 (N.D. W. Va. June 13, 2011). Separate claims for relief by a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement "even if no individual claim exceeds the jurisdictional amount." *Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc.*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005); *see Massey v. Green Tree Servicing, LLC*, No. 5:10-cv-533, 2011 U.S. Dist. LEXIS 34929 (S.D. W. Va. Mar 30, 2010). Additionally, a plaintiff's demand for actual damages, punitive damages, statutory damages, equitable relief, and attorneys' fees should be considered by the Court in determining the amount in controversy. *See, e.g.*, *Maxwell v. Wells*

*Fargo Bank, N.A.*, No. 2:09-CV-500, 2009 U.S. Dist. LEXIS 94476, at *6-14 (S.D. W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included because recovery of the fees were potentially available under the West Virginia Consumer Credit and Protection Act); *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584-85 (S.D. W. Va. 1999) (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy).

In this case, Plaintiff's purported statutory damages alone satisfy the jurisdictional threshold. Plaintiff alleges numerous separate violations of the West Virginia Consumer and Credit Protection Act ("WVCCPA"). (Compl. ¶¶ 40-43, 45-47, 49-50, 52, 54.) For each violation Plaintiffs are seeking a civil penalty of $4,725. (Compl. ¶¶ 43, 47, 50, 52, 54 and subsequent "WHEREFORE" clauses); *see* W.V. Code § 46A-5-101; *see also Jefferson v. Quicken Loans, Inc.*, No. 5:13CV59, 2013 U.S. Dist. LEXIS 102038, at *5 (N.D. W. Va. July 19, 2013) (stating that using the maximum penalty under the WVCCPA is the "common practice" used by district courts for determining the amount in controversy); *Knotts v. HSBC Card Serv. Inc.*, No. 3:10CV82, 2010 U.S. Dist. LEXIS 101013 (N.D. W. Va. Sept. 8, 2010); *Maxwell v. Wells Fargo Bank, N.A.*, No. 2:09-0500, 2009 U.S. Dist. LEXIS 94476 (S.D. W. Va. Oct. 9. 2009).

Plaintiff alleges that SPS engaged in the following acts that violated the WVCCPA:

- At least ninety-one instances where SPS allegedly assessed illegal fees. (Compl. at ¶¶ 16, 21, 23, 24, 27-28, 30-35);
- At least four instances where SPS allegedly used refused to credit payments. (*Id.* at 14, 17-19 ;

- At least one instance where SPS failed to provide an account record when requested. (*Id.* at 36);
- At least one instance where SPS refused to identify the holder. (*Id.* at 36);
- At least one occasion where SPS used unconscionable or unfair means to collect a debt. (*Id.* at 54);

Conservatively, therefore, Plaintiff has alleged *at least* ninety-eight violations of the WVCCPA, for which they are seeking $463,050 exclusively in statutory civil penalties. (98 x $5,010 = $463,050). This does not even account for the fact that Plaintiff claims the assessment of illegal fees occurred on an allegedly ongoing basis for multiple months, which could lead to more violations. (*Id.* at 33-35.)

In addition to statutory penalties, Plaintiff seeks actual damages for all seven causes of action. (*Id.* at "WHEREFORE" clauses.) Plaintiff also seeks punitive damages for the conversion claim. (*Id.* at 58 and subsequent "WHEREFORE" clause.) The Court must consider these requested damages in determining the amount in controversy. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (holding jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience); *Allman v. Chancellor Health Partners, Inc.*, No. 5:08CV155, 2009 U.S. Dist. LEXIS 57022, 2009 U.S. Dist. LEXIS 57022, at *5 (N.D. W. Va. Mar. 2, 2009) ("Courts must also consider punitive damages, where available under the cause or causes of action brought, when determining the jurisdictional amount.") (citing *Mullins*, 861 F. Supp. at 24; *see also Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1948) ("[W]here both actual and punitive damages are recoverable under a

complaint each must be considered to the extent claimed in determining the jurisdictional amount."); *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

Finally, Plaintiff seeks to recover their costs and attorneys' fees incurred in bringing this action, as well as unspecified equitable relief. For purposes of valuing Plaintiffs' request for equitable relief, which could include an order prohibiting SPS from foreclosing, the loan at issue in this case was in the amount of $103,200 (Compl. at ¶ 4.) This loan amount can likewise be considered as part of the amount in controversy. *Winnell v. HSBC Mortg. Servs., Inc.*, No. 2:11-cv-00561, 2011 U.S. Dist. LEXIS 125024, at *5 (S.D. W. Va. Oct. 28, 2011) (holding that if a bank "is unable to enforce [a] loan, it stands to lose at least the outstanding balance of the loan.") All of the foregoing amounts, taken together, satisfy the jurisdictional threshold for purposes of removal.

**VENUE**

Under 28 U.S.C. § 1441(a), venue for Plaintiff's State Court Civil Action is proper in this Court, which is the district embracing the place where the sate action is pending.

**PRAYER FOR RELIEF**

WHEREFORE, SPS respectfully requests that this Court assume jurisdiction over this matter and allow it such other and further relief as this Court deems just and proper.

**SELECT PORTFOLIO SERVICING, INC.**

By: s/Matthew D. Patterson
Matthew D. Patterson
E-Mail: matt.patterson@nelsonmullins.com

Matthew D. Patterson, Esquire
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street / 17th Floor
Columbia, SC 29201

(803) 799-2000

**COUNSEL FOR SELECT PORTFOLIO SERVICING, INC.**