IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

JOSEPH W. ADAMS,

                Plaintiff,

v.                                            Civil Action No.  1:15-cv-00086-IMK

BANK OF AMERICA, N.A., and SELECT
PORTFOLIO SERVICING, INC., successor
in interest to FAIRBANKS CAPITAL
CORP.,

                Defendants.

## ANSWER

Reserving all rights and remedies available to it, Defendant Select Portfolio Servicing, Inc., ("SPS") hereby answers Plaintiff's Complaint as follows.

## GENERAL DENIAL

Each and every allegation of the Complaint is expressly denied unless specifically admitted, qualified, or explained herein.

## FOR A FIRST DEFENSE

1. SPS denies the allegations contained in the introductory Paragraph preceding Paragraph 1. SPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and, therefore, denies those allegations.

2. Responding to Paragraph 2, SPS craves reference to the injunction referenced therein and denies any allegations inconsistent therewith. SPS admits that it is a loan servicer with a principle place of business in Utah and that SPS does business in Harrison County, West

1

Virginia. With regard to its legal status, such allegations call for legal conclusions and are therefore denied. SPS denies any remaining allegations contained in Paragraph 2.

3. SPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 and, therefore, denies those allegations.

4. SPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 and, therefore, denies those allegations.

5. SPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 and, therefore, denies those allegations, including subsection (a) through (b).

6. SPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 and, therefore, denies those allegations.

7. SPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 and, therefore, denies those allegations.

8. To the extent Paragraph 8 references correspondence between Plaintiff and a third party, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 8.

9. To the extent Paragraph 9 references correspondence between Plaintiff and a third party, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 9.

10. To the extent Paragraph 10 references correspondence between Plaintiff and a third party, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 10, including subsection (a) through (c).

11. To the extent Paragraph 11 references correspondence between Plaintiff and a third party, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 11.

12. To the extent Paragraph 12 references correspondence between Plaintiff and a third party, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 12.

13. Responding to Paragraph 13, SPS craves reference to the assignment referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 13.

14. To the extent Paragraph 14 references correspondence between Plaintiff and SPS, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 14.

15. Responding to Paragraph 15, SPS craves reference to Plaintiff's payment history and correspondence between SPS and Plaintiff and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 15.

16. SPS denies Paragraph 16.

17. To the extent Paragraph 17 references correspondence between Plaintiff and SPS, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 17.

18. To the extent Paragraph 18 references correspondence between Plaintiff and SPS, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 18.

19. Responding to Paragraph 19, SPS craves reference to Plaintiff's payment history and correspondence between SPS and Plaintiff and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 19.

20. Responding to Paragraph 20, SPS craves reference to the forbearance agreement referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 20.

21. SPS denies Paragraph 21.

22. To the extent Paragraph 22 references correspondence between Plaintiff and SPS, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 22.

23. Responding to Paragraph 23, SPS craves reference to the correspondence between SPS and Plaintiff referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 23, including subsections (a) through (b).

24. Responding to Paragraph 24, SPS craves reference to the correspondence between SPS and Plaintiff referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 24.

25. Responding to Paragraph 25, SPS craves reference to Plaintiff's payment history and correspondence between SPS and Plaintiff and denies any allegation inconsistent therewith.

SPS denies any remaining allegations contained in Paragraph 25, including subsections (a) through (c).

26. SPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26 and, therefore, denies those allegations.

27. Responding to Paragraph 27, SPS craves reference to the correspondence between SPS and Plaintiff referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 27.

28. SPS denies Paragraph 28.

29. To the extent Paragraph 29 references correspondence between Plaintiff and a third party, SPS craves reference to that correspondence and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 29, including subsection (a) and (b).

30. SPS denies Paragraph 30.

31. SPS denies Paragraph 31.

32. SPS denies Paragraph 32.

33. Responding to Paragraph 33, SPS craves reference to Plaintiff's account statements referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 33 including subsections (a) through (d).

34. SPS denies Paragraph 34.

35. SPS denies Paragraph 35.

36. Responding to Paragraph 36, SPS craves reference to the correspondence between SPS and Plaintiff referenced therein and denies any allegation inconsistent therewith. SPS

denies any remaining allegations contained in Paragraph 36 including subsections (a) through (e).

37. Responding to Paragraph 37, SPS craves reference to Plaintiff's payment history referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations contained in Paragraph 37.

38. SPS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 38 and, therefore, denies those allegations.

39. Responding to Paragraph 39, SPS incorporates its preceding responses by reference.

40. SPS denies Paragraph 40.

41. SPS denies Paragraph 41.

42. SPS denies Paragraph 42.

43. SPS denies Paragraph 43 including the prayer for relief that immediately follows Paragraph 43. SPS further denies that Plaintiffs are entitled to any form of relief whatsoever.

44. Responding to Paragraph 44, SPS incorporates its preceding responses by reference.

45. SPS denies Paragraph 45.

46. SPS denies Paragraph 46.

47. SPS denies Paragraph 47 including the prayer for relief that immediately follows Paragraph 47. SPS further denies that Plaintiffs are entitled to any form of relief whatsoever.

48. Responding to Paragraph 48, SPS incorporates its preceding responses by reference.

49. SPS denies Paragraph 49

50. SPS denies Paragraph 50 including the prayer for relief that immediately follows Paragraph 50. SPS further denies that Plaintiffs are entitled to any form of relief whatsoever.

51. Responding to Paragraph 51, SPS incorporates its preceding responses by reference.

52. SPS denies Paragraph 52 including the prayer for relief that immediately follows Paragraph 52. SPS further denies that Plaintiffs are entitled to any form of relief whatsoever.

53. Responding to Paragraph 53, SPS incorporates its preceding responses by reference.

54. SPS denies Paragraph 54 including the prayer for relief that immediately follows Paragraph 54. SPS further denies that Plaintiffs are entitled to any form of relief whatsoever.

55. Responding to Paragraph 55, SPS incorporates its preceding responses by reference.

56. SPS denies Paragraph 56.

57. SPS denies Paragraph 57.

58. SPS denies Paragraph 58 including the prayer for relief that immediately follows Paragraph 58. SPS further denies that Plaintiffs are entitled to any form of relief whatsoever.

59. Responding to Paragraph 59, SPS craves reference to the Note and Deed of Trust referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations in Paragraph 59.

60. Responding to Paragraph 60, SPS craves reference to the Note and Deed of Trust referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations in Paragraph 60 including subsection (a) through (b).

61. Responding to Paragraph 61, SPS craves reference to the Note and Deed of Trust referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations in Paragraph 61 including subsection (a) and (b).

62. Responding to Paragraph 62, SPS craves reference to the Note and Deed of Trust referenced therein and denies any allegation inconsistent therewith. SPS denies any remaining allegations in Paragraph 62 including subsection (a) and (b).

63. Paragraph 63 is a legal conclusion to which no response is required. To an extent a response is required SPS denies the allegations contained in Paragraph 63.

64. SPS denies Paragraph 64 including subsection (a) through (c).

65. SPS denies Paragraph 65.

66. SPS denies Paragraph 64 including the prayer for relief that immediately follows Paragraph 66. SPS further denies that Plaintiffs are entitled to any form of relief whatsoever. SPS further denies that Plaintiff is entitled to a jury trial.

## FOR A THIRD DEFENSE

Plaintiff's claims may be subject to an enforceable arbitration agreement and SPS reserves the right to enforce that agreement.

## FOR A FOURTH DEFENSE

Plaintiff is comparatively or contributorily at fault for their damages, if any.

## FOR A FIFTH DEFENSE

Plaintiff failed to mitigate his damages, if any exist and are proven at trial.

## FOR A SIXTH DEFENSE

Any alleged violation of the West Virginia Consumer Credit and Protection Act was unintentional and the result of a bona fide error.

**FOR A SEVENTH DEFENSE**

SPS pleads the defense of set off.  To the extent that Plaintiff obtains any monetary recovery against SPS, such recovery should be set off by the amounts owed by Plaintiff, including, but not necessarily limited to, amounts owed on the loan referenced in Plaintiff's Complaint.

**FOR AN EIGHTH DEFENSE**

Plaintiff's state law claims are pre-empted, in whole or in part, by federal law, including, but not limited to, the United States Bankruptcy Code, the National Banking Act or the Fair Debt Collections Practices Act.

**FOR A NINTH DEFENSE**

Plaintiff's claims in equity are barred because they have an adequate remedy at law.

**FOR A TENTH DEFENSE**

Plaintiff's causes of action under the West Virginia Consumer Credit and Protection Act are barred because SPS was in compliance with the West Virginia Consumer Credit and Protection Act with respect to any communications or transactions with Plaintiff.

**FOR AN ELEVENTH DEFENSE**

Penalties sought by Plaintiffs under the West Virginia Consumer Credit and Protection Act are punitive in nature and will deprive SPS of Due Process guaranteed under the United States Constitution and the Constitution of West Virginia.  Therefore, the remedies requested by Plaintiff are unconstitutional and should be barred.

**FOR A TWELFTH DEFENSE**

To the extent Plaintiff seeks punitive or exemplary damages, those claims violate SPS' rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of West Virginia.

### FOR A THIRTEENTH DEFENSE

Plaintiff's damages, to the extent they have any, were proximately caused by the acts or omissions of third parties and not by the acts or omissions of SPS.

### FOR A FOURTEENTH DEFENSE

SPS would show that Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands

### FOR A FIFTEENTH DEFENSE

SPS would show that Plaintiff's claims for violations of the West Virginia Consumer Credit and Protection Act are barred because SPS acted with Plaintiff's, or Plaintiff's agents', consent.

### FOR A SIXTEENTH DEFENSE

Plaintiffs' damages, if any exist and are proven at trial, were proximately caused by Plaintiffs' own acts or omissions, and not by the acts or omissions of Wells Fargo.

### FOR A SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the plain terms of the applicable contracts, loan documents, and deeds of trust.

### FOR AN EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of release and/or accord and satisfaction.

### FOR A NINETEENTH DEFENSE

Venue is not proper in Harrison County.

## FOR A TWENTIETH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FOR A TWENTY-FIRST DEFENSE

Plaintiff's damages, to the extent they are proved, were caused by the intervening acts of third-parties.

## FOR A TWENTY-SECOND DEFENSE

Plaintiff has failed to properly state or plead the elements of his claims, and SPS therefore pleads and reserves all available defenses under W.V. R. Civ. P. 12(b)

## ADDITIONAL DEFENSES

SPS reserves the right to amend and supplement its affirmative defenses to include any applicable defense of law or fact.

**WHEREFORE,** SPS by counsel, respectfully requests the Court to dismiss all of Plaintiff's claims, with prejudice, to enter judgment in favor of SPS against Plaintiffs, to award SPS its costs and attorneys' fees expended herein, and for such other and further relief as the Court may deem just and appropriate.

**SELECT PORTFOLIO SERVICING, INC.**

By: s/Matthew D. Patterson
Matthew D. Patterson
E-Mail: matt.patterson@nelsonmullins.com

Matthew D. Patterson, Esquire
Jeremy C. Hodges, Esquire
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street / 17th Floor
Columbia, SC  29201
(803) 799-2000

**COUNSEL FOR SELECT PORTFOLIO SERVICING, INC.**